UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES T. BURNS,                        )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )        Case No. 4:05CV209 HEA
                                       )
OPAA FOOD MANAGEMENT INC.,             )
                                       )
        Defendant.                     )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Short and Hoffman's Motion to

Dismiss Counts V and VI of plaintiff's First Amended Complaint brought  against

them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [# 16].

Plaintiff opposes the motion.  For the reasons set forth below, the motion is granted.

## Facts and Background

Plaintiff's First Amended Complaint is brought against his former employer

and two of defendant OPAA Management, Inc.'s management employees,

defendants Short and Hoffman.  Counts V and VI are brought against all three

defendants under the Missouri Human Rights Act, Mo.Rev.Stat. §§ 213.010, *et seq*

(MHRA).  Plaintiff alleges in these counts that he was discriminated against based

on his age and gender, and that he was retaliated against for complaining about the

alleged discrimination.

Defendants Short and Hoffman move to dismiss on the grounds that individual employees cannot be held liable under the MHRA. Plaintiff urges the Court to find that the definition of "employer" under the Act includes individual employees base on the definition of "employer" under the act.

## Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000). When considering a motion to dismiss, courts are required to accept the complaint's factual allegations as true and to construe them in the light most favorable to the plaintiff." *Id.; Midwestern Machinery, Inc. v. Northwest Airlines, Inc.,* 167 F.3d 439, 441 (8th Cir. 1999); *Federer v. Gephardt*, 363 F.3d 754, 757 (8th Cir. 2003). A complaint should not be dismissed "merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. Further, a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate entitlement to relief." *Midwestern Machinery, Inc.*, at 441 (8th

Cir. 1999) (citing *Springdale Education Association v. Springdale School. Dist.,*
133 F.3d 649, 651 (8th Cir. 1998)). "In considering a motion to dismiss, courts
accept the plaintiff's factual allegations as true, but reject conclusory allegations of
law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397
(8th Cir. 1997).

## Discussion

The Eighth Circuit has held "the definition of the term 'employer' in the
MHRA does not subject individual employees, including supervisors or managers,
to individual liability." *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d
377, 381 (8th Cir. 1995). There have been no subsequent Eighth Circuit cases
construing the definition of "employers" under the MHRA, nor has the Missouri
Supreme Court articulated the meaning of "employers" under the Act. As such,
*Lenhardt* is the current controlling authority for this Court.

Plaintiff urges the Court to disregard *Lenhardt* based on lower court rulings
otherwise, particularly *Hill v Ford*, 324 F.Supp. 1028 (E.D.Mo. 2004), wherein the
Court denied dismissal of the individual defendants and remanded the matter to the
state court. As defendants rightly observe, the standard for remand is different from
the dismissal standard, and this Court in not persuaded that it should ignore
prevailing Eighth Circuit law on the basis of a matter which was determined under a

different standard.  The current state of Eighth Circuit law mandates dismissal of the individual defendants in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Short and Hoffman's Motion to Dismiss Counts V and VI as they relate to them, [# 16] is granted and defendants Short and Hoffman are dismissed from this action.

Dated this 5th day of July, 2005.


_____
      HENRY EDWARD AUTREY
      UNITED STATES DISTRICT JUDGE